Rosario v Franklin Plaza Apts., Inc. (2026 NY Slip Op 00107)

Rosario v Franklin Plaza Apts., Inc.

2026 NY Slip Op 00107

Decided on January 13, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 13, 2026

Before: Manzanet-Daniels, J.P. SEQ CHAPTER \h \r 1, Kapnick, Rosado, Michael, Hagler, JJ. 

Index No. 21132/20|Appeal No. 5572|Case No. 2025-03927|

[*1]Jose L. Rosario et al., Respondents,
vFranklin Plaza Apartments, Inc., et al., Appellants.

Perry, Van Etten, Rainis & Kutner, New York (Kevin J. Brennan of counsel), for appellants.
Queller, Fisher, Wahor, Fuchs & Kool, New York (Ephrem J. Wertenteil of counsel), for respondents.

Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered on or about May 29, 2025, which granted plaintiffs' motion for partial summary judgment on their Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff established prima facie entitlement to summary judgment on his Labor Law § 240(1) claim through submitting his deposition testimony that the ladder he was using suddenly shifted, causing him to fall (see Duran v ERY Retail Podium LLC, 238 AD3d 665, 665 [1st Dept 2025]; Rodas-Garcia v NYC United LLC, 225 AD3d 556, 556 [1st Dept 2024]; Merino v Continental Towers Condominium, 159 AD3d 471, 472-473 [1st Dept 2018]). In opposition, defendants failed to raise an issue of fact. Plaintiff's alleged statement to defendants' security guard that he lost his footing does not contradict plaintiff's testimony that the ladder suddenly shifted (see Duran, 238 AD3d at 665; Rodas, 225 AD3d at 556; Rom v Eurostruct, Inc., 158 AD3d 570, 571 [1st Dept 2018]). Similarly, nothing in plaintiff's medical records or the inadmissible ambulance report were inconsistent with plaintiff's description of the accident (see Pilapanta v Hudson 888 Owner, LLC, 242 AD3d 673 [1st Dept 2025]). Moreover, the emergency room resident who took plaintiff's history testified that because his notations were not in quotation marks, he may have been paraphrasing plaintiff's description. The fact that an accident description is incomplete does not render it inconsistent (see Rodas-Garcia, 225 AD3d at 556).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2026